UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA DIVISION

LINDA HAMILTON,

    Plaintiff,

CASE NO: 07-1356-MLB-DWB

vs.

CORPORATE HILLS, LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Linda Hamilton ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Corporate Hills, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans With Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the District of Kansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3. Plaintiff, Linda Hamilton (hereinafter referred to as "Hamilton") is a resident of the State of Kansas and is a qualified individual with a disability under the ADA. Hamilton suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from quadriplegia and requires the use of a wheelchair for mobility and has

limited use of her upper extremities. Prior to instituting the instant action, Hamilton visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Hamilton continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Corporate Hills, LLC, is a limited liability corporation registered to do business and, in fact, conducting business in the State of Kansas. Upon information and belief, Corporate Hills, LLC (hereinafter referred to as "Corporate Hills") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Wichita Marriott hotel located at 9100 East Corporate Hills Drive, Wichita, Kansas (hereinafter referred to as the "Hotel").

5. All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Hotel owned by Corporate Hills is a place of public accommodation in that it is a hotel operated by a private entity that provides goods and services to the public.

8. Defendant Corporate Hills, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal

enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Hotel in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Hotel owned by Corporate Hills. Prior to the filing of this lawsuit, Plaintiff visited the Hotel at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Hotel, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Hotel in violation of the ADA. Hamilton has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Corporate Hills is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i) The accessible parking spaces provided nearest the lobby do not all have access aisles and the accessible signage is too low;
(ii) There is an insufficient number of accessible parking spaces provided in the lobby area and primary parking lot near the front of the hotel;
(iii) Some accessible parking spaces near the lobby lack compliant access aisles;
(iv) The running slope ratios of the accessible parking spaces are too steep;
(v) The accessible parking spaces provided at the rear of the hotel lack access aisles and are too steep;

(vi)      At the lobby toilet room accessible signage is not provided adjacent to the latch side of door;

(vii)      In the women's toilet room there is insufficient clear floor space on the pull side of the door to exit the toilet room and the toilet room entry door is too heavy;

(viii)      The accessible stall in the women's toilet room is too small for a wheelchair user and has grab bars on either side of the toilet seat making it impossible for an individual in a wheelchair to transfer to the water closet--no standard accessible toilet stall is provided;

(ix)      There is insufficient knee clearance for a wheelchair user provided underneath the lavatory in the women's toilet room;

(x)      The pipes underneath the lavatory in the women's toilet are not insulated;

(xi)      At the men's toilet room accessible signage is not provided adjacent to the latch side of door;

(xii)      The men's toilet room entry door requires too much push force to open;

(xiii)      There is insufficient maneuvering clearance when exiting the men's toilet room on the pull side of the door;

(xiv)      An accessible stall is not provided in the men's toilet room;

(xv)      Grab bars on the toilet seat prevent a lateral transfer onto the water closet;

(xvi)      There is insufficient knee clearance provided underneath the lavatory in the men's toilet room;

(xvii)      The pipes underneath the lavatory in the men's toilet room are not insulated to prevent burning;

(xviii)      The ramp leading to the swimming pool area lacks compliant handrails;

(xix)      The washing machine in the laundry area is a top-loading washer which is out of reach ranges for individuals with disabilities;

(xx)      The toilet rooms in the pool area lack compliant accessible signage on the pull side of the door;

(xxi)      The toilet room entry doors in the pool area require too much push force to open;

(xxii)      There is insufficient maneuvering clearance provided to exit the toilet rooms in the pool area;

(xxiii)      A fully compliant standard accessible toilet stall is not provided in the toilet rooms in the pool area;

(xxiv)      The lavatory in the toilet rooms in the pool area does not provide sufficient knee clearance for a wheelchair user and the pipes are not insulated;

(xxv)      An accessible path of travel is not provided to the sports bar and accessible seating

is not provided in this area;

(xxvi) Accessible seating is not provided within the primary dining room;

(xxvii) An accessible table and accessible seating is not provided in the main at the business computer;

(xxviii) The registration counter is too high;

(xxix) Some of the highest buttons within the elevator cab in the building are out of reach ranges for a wheelchair user;

(xxx) The emergency communication device within the elevator requires grasping, pinching, and twisting of the wrist to operate;

(xxxi) There are an insufficient number of accessible guest rooms.

12. There are other current barriers to access and violations of the ADA at the Hotel owned and operated by Corporate Hills that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Corporate Hills was required to make its Hotel, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Corporate Hills has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Corporate Hills pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily

accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Corporate Hills and requests the following injunctive and declaratory relief:

      A.    That the Court declare that the property owned and administered by Corporate Hills, LLC is violative of the ADA;

      B.    That the Court enter an Order directing Corporate Hills, LLC to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

      C.    That the Court enter an Order directing Corporate Hills, LLC to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

      D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

      E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this __14__ day of __November__ 2007.

s/Lawrence W. Williamson
Lawrence W. Williamson, Jr.
Kansas State Bar No.: 21282
Williamson Law Firm, LLC
816 Ann Avenue
Kansas City, Kansas 66101
Telephone:    (913) 871-7060
Facsimile:    (913) 535-0736
Email:
l.williamson@williamsonfirm.com

Edward I. Zwilling, Esq.
Ala. Bar No. ~~ASB-1564~~-L54E
Schwartz Zweben & Slingbaum, LLP
600 Vestavia Parkway
Suite 251
Birmingham, Alabama 35223
Telephone:    (205) 822-2701
Facsimile:    (205) 822-2702
Email:    ezwilling@szalaw.com